UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDER MCNEIL,<br>Plaintiff<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER of the SOCIAL<br>SECURITY ADMINISTRATION,<br>Defendant. | **COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## Jurisdiction and Venue

This action arises under federal law, including the Trafficking Victims Protection Act (22 U.S.C. § 7101 et seq.), the Administrative Procedure Act (5 U.S.C. §§ 701–706), and the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202). Jurisdiction is proper under 28 U.S.C. § 1331 (federal-question jurisdiction) and 5 U.S.C. § 702 (APA confers a right of review to a person suffering legal wrong because of agency action). The Declaratory Judgment Act authorizes a federal court to declare the rights and other legal relations of any interested party seeking such declaration in a case of actual controversy.

Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendant Bisignano is sued in his official capacity and a substantial part of the events giving rise to this claim occurred in this district (e.g., the SSA decision was sent to Plaintiff's address in Maine).

## Parties

Plaintiff Alexander McNeil is an individual and citizen residing in Maine who was a victim of a severe form of human trafficking. Defendant Frank Bisignano is the Commissioner of the Social

1

Security Administration, sued in his official capacity; he may be served at SSA Headquarters, 6401 Security Blvd., Baltimore, MD 21235. As required by 5 U.S.C. § 702, any injunctive relief will specify the federal official by name or title.

## Background

From 2018–2023, Plaintiff endured horrific forced labor and sexual abuse by traffickers. He escaped and was eventually certified as a victim of severe trafficking under federal law. Under the TVPA and related regulations, Plaintiff therefore became entitled to certain protections and services from federal agencies. Among these was access to Social Security benefits and expedited assistance through SSA programs. In 2021–2022, Plaintiff applied to SSA for victim-related services (including issuance of a Social Security number and benefit enrollment), and initial Agency communications indicated provisional approval of those services. However, in 2023 SSA abruptly rescinded those approvals and issued a final written denial of Plaintiff's requests. This SSA denial letter — the "final agency action" at issue — withdrew previously-granted victim protections without providing any legally sufficient justification. As a result, Plaintiff is now deprived of services and support mandated by the TVPA.

Plaintiff's situation reflects systemic problems at SSA. In recent years, SSA implemented administrative reforms that disrupted its handling of trafficking victims. For example, SSA centralized certain case-processing functions and revised its internal guidelines, leaving many agents unfamiliar with trafficking issues. These reforms, coupled with chronic understaffing and insufficient training of SSA's victim-assistance personnel, have impaired the Agency's ability to

respond to urgent needs of trafficking survivors. Plaintiff repeatedly encountered delays and bureaucratic obstacles when seeking services; ultimately, victim-protection staff unilaterally withdrew benefits earlier promised. These allegations, drawn from Plaintiff's experience and notice documents, demonstrate that SSA's recent changes and a systemic failure of SSA personnel to act have prevented required protections from reaching Plaintiff.

### Rebuttal of Prior Dismissal

On April 4, 2025, Magistrate Judge Nivison recommended dismissal of Plaintiff's prior petition for lack of a justiciable controversy. The court noted that the complaint did "not name an adverse party or describe specifically the actions of an individual or entity that would be the adverse party in a case or controversy," and warned that "in the absence of a named defendant or specific government action, the Court lacks the authority to issue what would essentially be an advisory opinion." This Complaint fully cures these defects and establishes a live case or controversy:

### Named Adverse Party

Unlike the prior pleading, this Complaint explicitly names the Social Security Administration (Commissioner Bisignano) as Defendant. This creates a concrete adversarial relationship: SSA has actively acted to Plaintiff's detriment. Moreover, the APA contemplates injunctive suits against federal officers for unlawful agency action. Indeed, §702 of the APA provides that a person suffering legal wrong because of agency action may sue the responsible officer, and requires any injunction to identify the official by name or title. By naming Commissioner

Bisignano in his official capacity, Plaintiff satisfies these requirements and places the proper party before the Court. This directly addresses the Magistrate's concern about an advisory request; with SSA as Defendant, the Complaint now seeks relief against a specific agency action rather than hypothetical conduct.

### Final Agency Action and Injury

The Magistrate was correct in that no adverse government decision had been made. In fact, SSA's 2023 denial is a final agency action under APA §704: it represents the consummation of SSA's decision-making on Plaintiff's applications and has concrete legal effect. That denial letter directly harmed Plaintiff by stripping away the very protections he had been granted. As the prior order observed, a trafficking victim "may have … enforceable rights or the ability to challenge an unfavorable decision of a governmental entity after a decision is made." Here, SSA's unfavorable decision has indeed been made: Plaintiff now challenges that decision. The injury is concrete and particularized – The plaintiff is uniquely deprived of statutory benefits and protection, facing renewed vulnerability due to SSA's action. This harm is causally traceable to SSA's denial and would be redressed by a favorable ruling (restoring Plaintiff's protections). Thus, the new Complaint presents a genuine dispute over legal rights, satisfying Article III's case-or-controversy requirements.

## Standing and Redressability

Plaintiff's injury-in-fact (loss of TVPA protections and services) is fairly traceable to SSA's denial and is likely to be redressed by a favorable judicial decision, fulfilling all elements of standing (Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). This is no longer an abstract or hypothetical injury. The declaratory relief sought (an official determination that SSA's action violated the law) and the injunctive relief sought (compelling SSA to comply) would remove the injury by forcing SSA to grant the protections to which Plaintiff is entitled. Unlike the prior petition, which sought broad relief against all agencies, the present Complaint ties the injury and relief to a specific decision by a named party. In sum, the Complaint now alleges a justiciable controversy: an adverse, final agency action against Plaintiff, suitable for judicial review (compare MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

This revised Complaint therefore addresses each deficiency noted in the dismissal order: it identifies an adverse government actor (SSA), describes the precise action taken (the 2023 denial), and asserts a concrete injury directly caused by that action. The case is no longer advisory or hypothetical, and the Court may exercise jurisdiction under the TVPA's protective objectives, the APA, and the DJA.

## Claims for Relief

Declaratory Judgment (28 U.S.C. §§ 2201–2202; 5 U.S.C. §§ 702–704)

Plaintiff is entitled to a declaration of his legal rights. Under 5 U.S.C. §§ 702–704, the Court has authority to review final agency actions and hold unlawful and set aside agency action not in

accordance with law. The Declaratory Judgment Act similarly empowers this Court to declare the rights and other legal relations of parties in an actual controversy. Here, there is a live controversy because SSA's final 2023 decision injures Plaintiff. Plaintiff requests a declaration that SSA's denial of his trafficking-victim protections was unlawful – specifically, that it violated the TVPA and the APA. Such a declaration has immediate practical effect, clarifying that Plaintiff is entitled to the protections SSA withheld. No other adequate remedy exists except a court determination that Agency action was contrary to law. Therefore, under 28 U.S.C. § 2201 and the APA, this Court should declare that SSA's 2023 decision is null and void and that Plaintiff is entitled to the protections and services mandated by law.

Injunctive Relief (5 U.S.C. § 706; Trafficking Victims Protection Act)

Plaintiff also seeks injunctive relief compelling SSA to fulfill its legal obligations. Under 5 U.S.C. § 706(1), the Court shall compel agency action unlawfully withheld, and under § 706(2) it shall set aside agency action found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. SSA's denial here was arbitrary and contrary to the TVPA and related regulations. Plaintiff therefore asks the Court to issue a permanent injunction ordering SSA (through Defendant Bisignano) to provide the protections and services to which Plaintiff is entitled as a certified trafficking victim. Specifically, the Court should enjoin SSA to reinstate Plaintiff's victim status and promptly deliver all benefits, identification, and assistance required by law. Such relief would directly remedy the ongoing injury and vindicate the statutory purpose of the TVPA to protect victims. Commissioner Bisignano will be personally responsible for compliance with any injunction, in accordance with APA requirements.

## Prayer for Relief

WHEREFORE, Plaintiff Alexander McNeil respectfully prays that the Court:

a) Issue a declaratory judgment that SSA's January 2023 denial of Plaintiff's victim-protection status violated the Trafficking Victims Protection Act and the Administrative Procedure Act, and is therefore unlawful and void;

b) Issue a permanent injunction ordering SSA (through Commissioner Bisignano) to reinstate Plaintiff's trafficking-victim protections and promptly provide all services and benefits required by law to be afforded to Plaintiff as a victim of severe trafficking;

c) Retain jurisdiction to enforce its orders; and

d) Grant such further relief as the Court deems just and proper.

Dated: May 27, 2025
Respectfully submitted,

/s/ Alexander McNeil
Plaintiff Pro Se
89 Union St
Auburn, ME 04210
(404) 384.6326
amlawapp@gmail.com

Certificate of Service: I hereby certify that on this 28th day of May, 2025, a true and correct copy of the foregoing Demand for Arbitration was served on counsel for Amazon.com, Inc. by email, process server, FedEx.