UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALEXANDER MCNEIL, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) 2:25-cv-00292-SDN ) |
| FRANK BISIGNANO,<br>Commissioner of the Social Security<br>Administration, | ) ) ) ) |
| Defendant | ) ) |

**ORDER ON MOTION TO DIRECT PLAINTIFF TO AMEND COMPLAINT**

In this action, Plaintiff challenges the decision of the Social Security Administration (SSA) to deny Plaintiff certain benefits. (Complaint at 4, ECF No. 1 ("Plaintiff now challenges [SSA's unfavorable] decision").) Plaintiff asserts that he is seeking relief under the Trafficking Victims Protection Act, the Administrative Procedure Act, and the Declaratory Judgment Act. (*Id.* at 1.) Defendant asks the Court to order Plaintiff to amend his complaint to the beneficiary notice control number of the decision he seeks to challenge or his social security number. (Motion at 2, ECF No. 15.) Defendant asserts that without this information, he is unable to identify Plaintiff's social security file because the Social Security Administration maintains records for multiple individuals with Plaintiff's name.[1] (Motion at 1–2.)

---

[1] Plaintiff did not file a response to the motion. In accordance with District of Maine Local Rule 7(b), Plaintiff has waived objection to the motion.

Generally, the denial of a claim for Social Security benefits may only be challenged through a request for judicial review pursuant to 42 U.S.C. § 405(g). *Justiniano v. Soc. Sec. Admin.*, 876 F.3d 14, 19 (1st Cir. 2017) ("[A] claim for benefits that 'arises under' the Social Security Act must comply with Section 405(g) in order for federal district court to have jurisdiction over that claim."); 42 U.S.C. § 405(h). Even if Plaintiff contends that he has an independent claim, Plaintiff's request for the Court to determine that Defendant's denial of his request for victim protection status and the attendant benefits necessarily requires the Court to review a benefit decision of the SSA. Plaintiff, therefore, at least in part, seeks review of a final Social Security decision. 42 U.S.C. § 405(g) governs that review. Accordingly, Plaintiff's complaint must include the details required by the Supplemental Rules for Social Security Actions. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E).

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendant's motion. Within fourteen days of the date of this order, Plaintiff shall file an amended complaint to include the beneficiary notice control number of the decision he seeks to challenge or his social security number. If Plaintiff includes his social security number, Plaintiff may file an unredacted version of the amended complaint under seal and file a redacted version (redacting the social security number) on the public docket. The time for Defendant to file his response to the original complaint shall be stayed until Plaintiff files the amended complaint.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of August, 2025.