UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALEXANDER M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00292-SDN |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

In this matter, Plaintiff seeks judicial review of the Social Security Administration Commissioner's (the "Commissioner") denial of both Plaintiff's claim for benefits, as well as his request for "victim-protection status" pursuant to the Trafficking Victims Protection Act (TVPA). ECF No. 20 at 3. The Commissioner moved for summary judgment on each of Plaintiff's claims, arguing the Court lacks jurisdiction over the matter because Plaintiff has not yet received a final decision under 42 U.S.C. § 405(g), *see* ECF No. 22, or alternatively that Plaintiff's complaint is untimely, *see* ECF No. 25. For the reasons that follow, the Commissioner's motion for summary judgment is **GRANTED**, and Plaintiff's Amended Complaint, ECF No. 20, is accordingly **DISMISSED**.

## LEGAL STANDARD

A district court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to resolve the issue in favor of the non-moving party. *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021). A fact is "material" if it has the potential to affect the outcome of the case. *Id.* The Court "review[s] the record

in the light most favorable to the nonmoving party, and . . . draw[s] all reasonable inferences in the nonmoving party's favor." *Block Island Fishing, Inc. v. Rogers*, 844 F.3d 358, 360 (1st Cir. 2016). Because Plaintiff proceeds pro se, the Court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, a litigant's pro se status does not excuse compliance with applicable substantive and procedural requirements. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).[1]

Pursuant to the Local Rules, because Plaintiff failed to supply an opposing statement of facts and did not otherwise "admit, deny, or qualify" the moving parties' facts, D. Me. Loc. R. 56(c)(1), and because the Commissioner has adequately supported all material facts with record citations, the Court deems the facts in Defendants' Statement of Material Facts ("SMF"), ECF No. 23, to be admitted. *See Allstate Prop. & Cas. Ins. Co. v. Jones*, 704 F. Supp. 3d 253, 254 n.1 (D. Me. 2023).

## DISCUSSION

The Commissioner argues primarily that the Court should grant summary judgment because the Plaintiff did not receive a final decision on his application for benefits prior to filing this lawsuit. *See* ECF No. 22; SMF ¶ 1. A plaintiff may seek federal judicial review under 42 U.S.C. § 405(g) only of a final decision of the Social Security Administration. *See Smith v. Berryhill*, 587 U.S. 471, 478–79 (2019). The term "'final decision' . . . has been authoritatively interpreted to mean that the [plaintiff's]

---

[1] The Court notes the presence of several citations to nonexistent or fabricated legal authority in Plaintiff's pleadings. "Although courts are solicitous toward pro se litigants, there are reasonable limits"—"a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D. Me. July 24, 2025) (quotation modified). Should Plaintiff continue to litigate matters before this Court, he is cautioned that he bears an obligation to personally check each citation to ensure it is "accurate and stands for its asserted proposition." *Id.*

administrative remedies . . . be exhausted." *Whitzell v. Astrue*, 589 F. Supp. 2d 100, 109 (D. Mass. 2008) (quotation modified) (quoting *Wilson v. Sec'y of Health & Hum. Servs.*, 671 F.2d 673, 677 (1st Cir. 1982)). Under the applicable federal regulations, to exhaust his administrative remedies Plaintiff must have received an initial determination, a reconsideration determination, an administrative law judge decision, and then a ruling from the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). The undisputed facts here do not establish each of these requirements as being met and thus does not support a finding that Plaintiff has satisfied the exhaustion requirement.[2]

Plaintiff instead argues that because his TVPA claim is "wholly collateral to a claim for Social Security benefits," it is not subject to the general exhaustion requirement. ECF No. 24 at 2. However, because Plaintiff's TVPA claim, and entire complaint, is "predicated on—and thus 'arises under'—the plaintiff's interest in obtaining the benefits to which he contends he is entitled" under the Social Security Act, the exhaustion requirement of § 405(g) still applies. *See Justiniano v. Social Sec'y Admin.*, 876 F.3d 14, 22 (1st Cir. 2017) (quotation modified); *see also* ECF No. 20 ¶ 1 (Plaintiff identifying his complaint as "instituted pursuant to 42 U.S.C. § 405(g)"). Because Plaintiff does not dispute he has failed to satisfy the statutory exhaustion requirement, his claim for judicial review under § 405(g) fails on this basis alone.

Independently, even if the January 2023 denial letter constituted the Commissioner's "final decision" and thus satisfied exhaustion under 42 U.S.C. § 405(g),

---

[2] Plaintiff does allege he "timely filed a request for reconsideration in May of 2023, which was also denied," but has not provided an exhibit or any other evidence to that effect. ECF No. 20 ¶ 10. Even if the Court were to accept that allegation as true, Plaintiff has provided no evidence that he pursued the subsequent required steps in the administrative process—namely, an administrative law judge decision and a ruling by the Appeals Council on his application for benefits.

the Court would still dismiss Plaintiff's complaint as untimely. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."); 20 C.F.R. § 422.210(c) ("Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.").

Plaintiff seeks judicial review of the Commissioner's "January 2023 denial of [his] victim protection status." ECF No. 20 at 5; *see* ECF No. 24 at 1–2 ("After initially granting Plaintiff these vital protections, the [Commissioner] abruptly rescinded them in a 2023 denial letter, the 'final agency action' at issue."). Plaintiff has not filed any record of the purported January 2023 denial letter on the docket, whether as  an exhibit or otherwise. Nonetheless, even accepting Plaintiff's assertions regarding the January 2023 denial as true, however, Plaintiff did not file his initial complaint until June 3, 2025—well beyond the deadline established by federal law. Thus, even construing the January 2023 letter as the Commissioner's final decision, Plaintiff's complaint remains untimely for the same reasons discussed above. For these reasons—Plaintiff's failure to exhaust his administrative remedies and, independently, the untimeliness of his complaint—the Court grants summary judgment and dismisses Plaintiff's amended complaint.

Plaintiff finally seeks relief based on the Commissioner's denial of his benefits under both the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 706, and the Declaratory Judgment Act, *see* 28 U.S.C. §§ 2201–02. ECF No. 20 at 4. Section 405(h),

however, provides that no decision of the Commissioner of Social Security "shall be reviewed by any person, tribunal, or governmental agency except as herein provided"—referring to the judicial review provisions of § 405(g). 42 U.S.C. § 405(h); *see Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)."). The Court accordingly dismisses Plaintiff's claims under the APA and the Declaratory Judgment Act, along with any other claims not arising under § 405(g), for lack of jurisdiction.

## CONCLUSION

For these reasons, the Commissioner's motion for summary judgment, ECF No. 22, is **GRANTED**. Plaintiff's amended complaint, ECF No. 20, is **DISMISSED**.

**SO ORDERED.**

Dated this 28th day of July, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**